UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ERIC LUEDIKE, HEATHER WARD, DONALD TRAINER, III, DEBRA HARTLEY, and ERIC BENDER, on behalf of themselves and all others similarly situated, Plaintiffs, <br><br> vs. <br><br> SPRINT NEXTEL CORPORATION, Defendant. | 1:07-cv-1082-LJM-DML |

## ORDER

This matter pends on a Motion to Dismiss filed by defendants, Sprint United Management Company and Nextel Retail Stores, LLC (collectively, "Sprint"), apparently incorrectly sued here as Sprint Nextel Corporation, and on plaintiffs', Eric Luedike ("Luedike"), Heather Ward ("Ward"), Donald Trainer, III ("Trainer"), Debra Hartley ("Hartley"), and Eric Bender ("Bender"), on behalf of themselves and all other similarly situated (collectively, "Plaintiffs"), Motion to Stay all of Sprint's dispositive motions. The Court addresses both motions here since a ruling on one affects all of the other remaining motions.

For the reasons stated herein, the Court **GRANTS** Sprint's Motion for Partial Dismissal (Docket No. 61); and **DENIES** Plaintiffs' Motion to Stay.

## I. PROCEDURAL HISTORY

Plaintiffs filed the instant action as a purported class action on July 16, 2007, in Marion County Superior Court, Marion County, Indiana. On August 23, 2007, Sprint removed the Complaint to this Court.

In Count I of the Complaint, Plaintiffs allege that Sprint failed to pay certain commission wages due and owing them, and those similarly situated, in a timely fashion in violation of Indiana's Wage Payment Statute, Indiana Code § 22-2-5, *et seq.* ("Wage Payment Statutue"). In Count II of the Complaint, Plaintiffs allege that Sprint either failed to pay Plaintiffs and its other voluntarily and involuntarily separated Indiana employees their vacation and/or paid time off ("PTO") wages upon separation or did so on a date after the pay date for the pay period in which the separation of employment occurred in violation of Indiana's Wage Claims Statute, Indiana Code § 22-2-9 *et seq.* ("Wage Claims Statute") (two Indiana statutes, collectively, "wage claims").

At the November 26, 2007, case management plan ("CMP") conference with then Magistrate Judge Lawrence, Sprint suggested dispositive briefing of Plaintiffs' claims prior to class certification. Then Magistrate Judge Lawrence agreed; Plaintiffs made no objections. In fact, the entry for that conference suggests that Plaintiffs agreed to draft the CMP. Docket No. 17. On November 28, 2007, Plaintiffs' submitted an amended CMP that included the following language:

> The Motion for Class Certification of the Classes is expected and shall be filed within **60 days** following the ruling of the Court on Defendant's Motion for Summary Judgment. Discovery relating to class certification issues shall be completed within **60 days** following the ruling of the Court on Defendant's Motion for Summary Judgment as well.

Docket No. 19, at § 4(B). Plaintiffs raised no objection to this procedure in the CMP or at any time prior to filing their Motion to Stay.

On December 14, 2007, Sprint moved to dismiss the class allegations. In briefing on the issue, Plaintiffs did not object to the schedule adopted in the CMP.

On March 23, 2008, Plaintiffs moved to amend parts of the CMP, but did not request a different schedule for briefing of the class certification issue. Docket No. 39. Shortly thereafter, on March 25, 2008, the Court conducted a short telephonic conference to address the parties' argument about the scope of Sprint's depositions of Plaintiffs. Consistent with the CMP, the Court concluded that the scope of the depositions would be limited to the merits of Plaintiffs' claims and not class certification. Plaintiffs did not then seek to amend the CMP.

On June 2, 2008, Sprint filed the Motion to Dismiss at issue here, which addresses Plaintiffs' wage claims. Plaintiffs oppose the Motion, both on the merits and with regard to the effect of dismissal on the proposed class action. Sprint's Motion to Dismiss is fully briefed.

On September 11, 2008, Sprint filed three Motions for Summary Judgment on Plaintiffs' commission claims. On October 14, 2008, November 14, 2008, and December 15, 2008, Plaintiffs moved for a thirty-day extension of time in which to respond to Sprint's Motions for Summary Judgment.

On October 20, 2008, Sprint requested a stay on all CMP deadlines pending completion of briefing on Sprint's dispositive motions. Plaintiffs did not respond and on October 21, 2008, the Court granted the October 20, 2008, motion.

Instead of filing a response to Sprint's Motions for Summary Judgment, Plaintiffs filed a Motion to Stay ruling on all of Sprint's dispositive motions pending the amendment of the CMP to allow Plaintiffs to file a Motion for Class Certification, and for discovery on the same. In the Motion to Stay, Plaintiffs contend that they never agreed to the language of the CMP that postponed their filing of a Motion for Class Certification and that the Court and Sprint have abused the system and violated the spirit of Federal Rule of Civil Procedure 23 ("Rule 23"). Sprint opposes Plaintiffs' Motion to Stay.

## II. **DISCUSSION**

### A. **PLAINTIFFS' MOTION TO STAY**

The Court cannot reconcile Plaintiffs' position on the Motion to Stay with the record of events as the Court has outlined them above. It is apparent from the written docket that after a CMP conference with then Magistrate Judge Lawrence, Plaintiffs were asked to prepare and file an amended CMP. Docket No. 17. Plaintiffs did so and included the quoted language above that specifically contemplated resolution of dispositive motions prior to discovery and briefing on the class certification issue.

In addition, at several points in this litigation Plaintiffs had the opportunity to show cause for a change in the CMP, but did not avail themselves of the opportunity. Now, faced with dismissal of all of their claims through dispositive motions, Plaintiffs seem more concerned about payment of counsel than whether or not their claims have merit.

Given the course of events here, the Court is unwilling to stay resolution of Sprint's dispositive motions merely to allow Plaintiffs' counsel an opportunity to seek attorneys' fees.

For these reasons, Plaintiffs' Motion to Stay is **DENIED**. Plaintiffs shall have thirty (30) days from the date of this Order to respond to Sprint's Motions for Summary Judgment.

### B.  SPRINT'S MOTION TO DISMISS

Sprint brings its Motion to Dismiss pursuant to Rule 12(b)(1) asserting that because it has offered to pay Plaintiffs the damages it owes them pursuant to the Wage Claims Statute, Plaintiffs' vacation/PTO claims are moot and the Court should dismiss Plaintiffs' vacation/PTO claim for lack of subject matter jurisdiction. Plaintiffs argue that the Court has not made a determination of liability and that other questions of fact preclude a determination that Plaintiffs' claims are made moot by Sprint's offer to pay Plaintiffs' their statutory damages.

The Court concludes that Seventh Circuit precedent demands that the Court dismiss Plaintiffs' vacation/PTO claims because they have become moot, which renders this Court without jurisdiction. In *Holstein v. City of Chicago*, 29 F.3d 1145 (7th Cir. 1994), the Seventh Circuit ruled that a plaintiff who cannot argue as inadequate the money offered him or her as damages, cannot "spurn th[e] offer of all the damages he[ or she] is owed and proceed to trial." *Id.* at 1147. "'Once the defendant offers to satisfy the plaintiff's entire demand, there is no dispute over which to litigate, and a plaintiff who refuses to

acknowledge this loses outright, under [Rule] 12(b)(1), because he has no remaining stake.'" *Id.* (quoting *Rand v. Monsanto Co.*, 926 F.2d 596, 598 (7th Cir. 1991)).

Here, Plaintiffs have not argued that the amount Sprint offers to pay them is inadequate. Rather, Plaintiffs argue that dismissal before certification of a class may deprive their lawyer of the opportunity to collect attorneys' fees. An interest in attorneys' fees, however, is an inadequate reason to retain jurisdiction over a case that has become moot. *See Lewis v. Continental Bank Corp.*, 494 U.S. 472, 480 (1990).

In addition, even if Plaintiffs had argued that their claims were capable of repetition yet could evade review, the Court could not agree that the argument saves their claims because Plaintiffs' vacation/PTO allegations relate to the failure to pay upon termination of employment, thus they are only subject to the alleged illegality one time. *See Holstein*, 29 F.3d at 1147.

For these reasons, Sprint's Motion to Dismiss Plaintiffs' vacation/PTO claim is **GRANTED**.

### III. **CONCLUSION**

For the reasons stated herein, the Court **GRANTS** defendants', Sprint United Management Company and Nextel Retail Stores, LLC, apparently incorrectly sued here as Sprint Nextel Corporation, Motion to Dismiss plaintiffs', Eric Luedike, Heather Ward, Donald Trainer, III, Debra Hartley, and Eric Bender, Indiana Wage Claim Statute claim for vacation/PTO pay; and **DENIES** Plaintiffs' Motion to Stay. Plaintiffs shall have thirty (30) days from the date of this Order to file responses to Defendants' Motions for Summary Judgment.

IT IS SO ORDERED this 4th day of March, 2009.

*[signature]*
LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana

Distributed to:

Ronald E. Weldy
WELDY & ASSOCIATES
weldy@weldylaw.com

Charles B. Baldwin
OGLETREE, DEAKINS, NASH, SMOAK & STEWART
charles.baldwin@odnss.com

Matthew S. Effland
OGLETREE, DEAKINS, NASH, SMOAK & STEWART
matthew.effland@odnss.com