UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ERIC LUEDIKE, HEATHER WARD, DONALD TRAINER, III, DEBRA HARTLEY, and ERIC BENDER, on behalf of themselves and all others similarly situated,<br>        Plaintiffs,<br><br>vs.<br><br>SPRINT NEXTEL CORPORATION,<br>        Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    1:07-cv-1082-LJM-DML<br>)<br>)<br>) |

## ORDER ON DEFENDANTS' MOTION FOR DISMISSAL

This matter comes before the Court on the defendants', Sprint United Management Company and Nextel Retail Stores, LLC (collectively, "Defendants"),[1] Motion for Dismissal (Dkt. No. 184) pursuant to Federal Rule of Civil Procedure 12(b)(1) ("Rule 12(b)(1)"). The plaintiffs, Eric Luedike ("Luedike"), Heather Ward ("Ward"), Donald Trainer, III ("Trainer"), Debra Hartley ("Hartley"), and Eric Bender ("Bender"), on behalf of themselves and all others similarly situated (collectively, "Plaintiffs"), initiated this proposed class action alleging that Defendants paid certain wages in an untimely fashion in violation of: (1) Indiana's Wage Payment Statute, Indiana Code § 22-2-5, *et. seq.* ("§ 22-2-5"); and (2) the state's Wage Claims Statute, Indiana Code § 22-2-9, *et. seq.* ("§ 22-2-9"). At this point, however, all of Plaintiffs' claims have been extinguished save one—namely, Ward's claim that Defendants made untimely payments of one particular type of incentive-based compensation during the course of her employment in violation of § 22-2-5. Defendants

---

[1] Defendants were apparently incorrectly named as Sprint Nextel Corporation.

contend that Ward's claim has been rendered moot. They request, therefore, that the Court dismiss what remains of Plaintiffs' Complaint (Dkt. No. 1-3) for lack of subject matter jurisdiction. For the reasons articulated below, the Court **GRANTS** Defendants' Motion for Dismissal.

## I. BACKGROUND

### A. RELEVANT PARTICULARS CONCERNING WARD

Ward began her employment with Defendants on December 19, 2005, and remained continuously employed until April 5, 2007. Dkt. No. 105-5 at 19-20. From December 19, 2005, to August 2006, Defendants employed Ward as a Store Host. *Id.* at 21. During her employment as a Store Host, Ward earned both an hourly wage and incentive-based compensation. *Id.* at 23-24, 26. From July 12, 2004, to May 1, 2006, Defendants' Store Hosts were paid a monthly guaranteed payment ("Guaranteed Payment") of $450.00 that operated as a retention bonus. Dkt. No. 105-1 at 32-33. To be eligible for the Guaranteed Payment, employees had to perform the duties of a Store Host and be continuously employed as such. Dkt. No. 105-9 at 7. On May 1, 2006, Defendants reduced the amount of the Guaranteed Payment from $450.00 to $250.00, but the eligibility requirements did not change. Dkt. No. 105-1 at 37.

In August of 2006, Ward transferred to the position of Retail Consultant (i.e., sales clerk). Dkt. No. 105-5 at 21. At that point she was no longer eligible to receive Guaranteed Payment earnings. Dkt. No. 105-9 at 7. Instead, as Retail Consultant, Ward was eligible to participate in Defendants' full incentive-based compensation plan. Dkt. No. 104 at 5, 7-9.

This plan paid Retail Consultants commission ("Commission") earnings that were calculated on the basis of factors such as customer satisfaction, account activations, the upsale of account add-on features (e.g., text messaging), and sales of consumer telecommunications equipment and accessories. Dkt. No. 104-5 at 7-9. Ward does not allege that Defendants failed to pay her Commission and Guaranteed Payment earnings. Dkt. No. 105-5 at 47-48. Instead, Plaintiffs' Complaint alleges that Defendants' payment of these earnings was untimely, and thus unlawful, because payments were dispersed outside the ten-day period allowed under Indiana law. Dkt. No. 1-3 at 4.

## B. RELEVANT PROCEDURAL HISTORY

On July 16, 2007, Plaintiffs filed the instant action as a purported class action in Marion County Superior Court, Marion County, Indiana. Dkt. No. 1-3. On August 23, 2007, Defendants removed the Complaint to this Court. Dkt. No. 1. Plaintiffs initially pursued relief under two theories: (1) Defendants made untimely payments of accrued vacation or paid time off ("Vacation/PTO") following Plaintiffs' termination of employment in violation of § 22-2-9; and (2) Defendants made untimely payments of certain incentive-based compensation (e.g., Commission and Guaranteed Payment earnings) during the course of Plaintiffs' employment in violation of § 22-2-5. Dkt. No. 1-1 ¶¶ 50-60. On March 4, 2009, the Court dismissed Plaintiffs' claims under the first theory after Defendants paid Plaintiffs the damages Defendants owed Plaintiffs pursuant to § 22-2-9. Dkt. No. 133; *see also* Dkt. No. 142 (denying Plaintiffs' Motion to Reconsider the Court's Order on Defendants' Motion to Dismiss).

On January 19, 2010, the Court granted Defendants' Motion for Summary Judgment regarding Luedike, Trainer, Hartley, and Bender. Dkt. No. 160; *see also* Dkt. No. 167 (denying Plaintiffs' Motion to Reconsider the Court's Order on Defendants' Motion for Summary Judgment). In addition, Defendants' Motion for Summary Judgment with regard to Ward was granted in part and denied in part. *Id.* The Court determined that Ward was not entitled to damages arising out of Defendants' payment of Commission earnings while Ward was a Retail Consultant. However, the Court allowed Ward to proceed with her claim that Defendants dispersed the Guaranteed Payment portion of her earnings as a Store Host in an untimely fashion. Dkt. No. 160 at 20.

Following the Court's January 19, 2010, ruling, Defendants conducted an internal investigation to ascertain the ramifications of the Court's conclusion that the Guaranteed Payment portion of Ward's earnings qualified as a "wage" under § 22-2-5. Dkt. No. 185 at 3. On March 4, 2010, Defendants determined that Ward was entitled to a payment of $3,118.71 because she received all of her Guaranteed Payment earnings outside the ten-day period allowed under Indiana law. *Id.*; *see* I.C. § 22-2-5-2. On March 19, 2010, Defendants sent a check in the amount of $3,118.71 to Ward via her attorney. Dkt. No. 185 at 3. No conditions were placed on Ward's acceptance of the check. Dkt. No. 185 at 3-4. On March 31, 2010, the check was returned to Defendants. *Id.* at 4. Following Ward's refusal to cash the check, Defendants filed a motion requesting an order permitting them to deposit a payment of $3,118.71 with the Clerk of the Court. Dkt. No. 178. On April 7, 2010, the amount of the statutory penalty owed to Ward was accepted and deposited by the Clerk into the registry of the Court. Dkt. No. 179.

In addition to Ward, Defendants' investigation also identified twenty-five other Indiana Store Hosts who were employed between July 16, 2005 and June 1, 2007.[2] Dkt. No. 187 at 1. Of those twenty-five Store Hosts, Defendants determined that twenty were eligible, like Ward, to recover statutory penalties for the untimely dispersal of Guaranteed Payment earnings. *Id.* at 2. Saying that they had inadvertently dispersed Guaranteed Payment earnings in an untimely fashion, on March 29, 2010, Defendants sent checks via registered mail to all of the eligible Store Hosts except Ward. Dkt. No. 180. The checks represented the amount of statutory penalties Defendants owed each Store Host. Dkt. No. 187. No conditions were placed on the acceptance of these checks. Dkt. No. 185 at 4. On April 29, 2010, Defendants moved the Court to dismiss what remained of Plaintiffs' Complaint pursuant to Rule 12(b)(1). Dkt. No. 184. The Court adds additional facts as needed below.

## II. DISCUSSION

At an earlier stage in the development of this case, Defendants successfully moved for the dismissal of Plaintiffs' Vacation/PTO claims after Defendants voluntarily tendered the damages owed to Plaintiffs pursuant to § 22-2-9. Defendants now argue that Ward's remaining claim is moot as well because Defendants have tendered the full amount of liquidated damages to which Ward is entitled. Defendants' reasoning is largely the same now as it was when they moved for dismissal of Plaintiffs' Vacation/PTO claims. In order for the Court to exercise jurisdiction, Ward must have suffered, or be threatened with, an

---

[2] Plaintiffs Complaint was filed on July 16, 2007. Defendants ended the Guaranteed Payment program on June 1, 2007.

5

actual injury traceable to Defendants and likely to be redressed by a favorable judicial decision. Because, in Defendants' view, there is no longer any ongoing case or controversy between Defendants and Ward, Defendants move the Court to dismiss Ward's claim for lack of subject matter jurisdiction.

Ward opposes Defendants' Motion for Dismissal on three grounds. First, Ward argues that the money Defendants deposited with the Court is insufficient to moot her claim because Defendants only tendered enough to cover the statutory penalty for dispersing her Guaranteed Payment earnings in an untimely fashion. Plaintiffs' Complaint also asked for pre-judgment interest, costs, and damages arising from Ward's previously dismissed claim that Defendants paid her Commission earnings in an untimely fashion as well. Second, Ward argues that the mandatory nature of the attorney's fees prescribed by §22-2-5 impart jurisdiction even if Defendants have tendered the full amount of liquidated damages to which Ward is entitled. Third, Ward asserts that dismissal of her claim would violate the spirit of Federal Rule of Civil Procedure 23 ("Rule 23"). The Court addresses each argument in turn.

### A. INSUFFICIENT TENDER

Ward argues that this matter is not yet ripe for dismissal because Defendants have not tendered prejudgment interest. What Ward fails to recognize, however, is that prejudgment interest is not appropriate in this case. Ward does not allege that Defendants failed to pay her Guaranteed Payment earnings; rather, Ward contends that Defendants disbursed these wages in an untimely fashion. This makes Ward's claim one solely for liquidated damages, as prescribed by § 22-2-5. Where a plaintiff is awarded liquidated

damages of this sort, prejudgment interest is not an appropriate remedy—since both remedies seek to compensate for non-pecuniary losses that cannot be calculated accurately. *See Fortino v. Quasar Co.*, 950 F.2d 389, 397-98 (7th Cir. 1991) (indicating that certain liquidated damages serve in place of prejudgment interest); *see also Matter of Marshall*, 970 F.2d 383, 385-86 (7th Cir. 1992) (citing to *Graefenhain v. Pabst Brewing Company*, 870 F.2d 1198, 1210 (7th Cir. 1989)).

Ward's argument that Defendants' tender did not include costs is similarly unpersuasive. On April 6, 2010, Defendants' counsel sent Ward's attorney a letter requesting that he submit to the Court a petition seeking reasonable fees and costs. Dkt. No. 185-5 at 1. As Ward stated in her own Memorandum in Opposition, Defendants "left the determination of attorney['s] fees and costs for this Court to determine." Dkt. No. 193 at 3. It is well settled that the determination of reasonable costs is within the discretion of the Court. *See Testa v. Village of Mundelein, Ill.* 89 F.3d 443, 447 (7th Cir. 1996) (stating that "[d]istrict courts enjoy wide discretion in determining and awarding reasonable costs"). The fact that the Court has not yet exercised its discretion is not enough to hold open litigation.

Finally, the Court finds no support in the law for Ward's argument that the Court cannot dismiss her remaining claim as moot unless Defendants' tender includes damages for her previously dismissed claim. On the contrary, Seventh Circuit precedent demands that the Court dismiss Ward's remaining claim because it has become moot, which renders this Court without jurisdiction. In *Holstein v. City of Chicago*, 29 F.3d 1145 (7th Cir. 1994), the Seventh Circuit ruled that a plaintiff who cannot argue as inadequate the money offered her as damages, cannot "spurn th[e] offer of all the damages [s]he is owed and proceed

7

to trial." *Id.* at 1147. "'Once the defendant offers to satisfy the plaintiff's entire demand, there is no dispute over which to litigate, and a plaintiff who refuses to acknowledge this loses outright, under [Rule] 12(b)(1), because [s]he has no remaining stake.'" *Id.* (quoting *Rand v. Monsanto Co.*, 926 F.2d 596, 598 (7th Cir. 1991)).

The Court has already determined that Ward is not entitled to damages arising out of Defendants' payment of her Commission earnings. That claim was dismissed as a consequence of the Court's January 19, 2010, ruling. Because Defendants' payment of Ward's Commission earnings did not give rise to damages, Defendants were not required to include said damages in their tender in order to render Ward's remaining claim moot. Accordingly, the Court rejects Ward's argument that Defendants' tender is insufficient.

### B. MANDATORY ATTORNEY'S FEES AND CLASS SETTLEMENT

Ward's remaining arguments can be dealt with somewhat summarily. Ward's second argument is related to her first—in so far as both address Plaintiffs' concern about attorney's fees. Ward contends that dismissal of her remaining claim before certification of a class will deprive her lawyer of the opportunity to collect attorney's fees. An interest in attorney's fees, however, is an inadequate reason to retain jurisdiction over a case that has become moot. *See Lewis v. Continental Bank Corp.*, 494 U.S. 472, 480 (1990).

Finally, Ward argues that Defendants' actions have stripped "this Court of its authority and duty to protect the potential [c]lass members" under Rule 23. Dkt. No. 193 at 7. Ward cites no authority, however, in support of her contention that the Court has a duty to protect the potential class members in this case. To the contrary, an uncertified class's claim is subject to immediate dismissal when the claims of the hopeful class

representatives are rendered moot. *See Bd. of Sch. Comm'rs of City of Indianapolis v. Jacobs*, 420 U.S. 128 (1975) (ordering putative class suit dismissed as moot after the named plaintiffs' claims became moot). Because the Court has not certified a class in this matter, only Ward's claim is at issue. Accordingly, the Court **GRANTS** Defendants' Motion for Dismissal.

### III. CONCLUSION

For the reasons articulated above, the Court **GRANTS** defendants', Sprint United Management Company and Nextel Retail Stores, LLC, Motion for Dismissal (Dkt. No. 184). Plaintiffs shall have **fourteen (14) days** from the date of this Order to file a petition for attorney's fees and costs.

IT IS SO ORDERED this 12th day of July, 2010.

LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana

Distribution attached.

Distribution to:

Charles B. Baldwin
OGLETREE, DEAKINS, NASH, SMOAK & STEWART
charles.baldwin@odnss.com

Matthew S. Effland
OGLETREE, DEAKINS, NASH, SMOAK & STEWART
matthew.effland@odnss.com

Robert F. Seidler
OGLETREE, DEAKINS, NASH, SMOAK & STEWART
rob.seidler@ogletreedeakins.com

Ronald E. Weldy
WELDY & ASSOCIATES
weldy@weldylaw.com