UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| ERIK LUEDIKE, HEATHER WARD, ) | | |
| DONALD TRAINER, III, DEBRA HARTLEY,) | | |
| and ERIC BENDER on behalf of ) | | |
| themselves and all others similarly situated, ) | | |
| Plaintiff, ) | | |
| ) | | |
| vs. ) | 1:07-cv-01082-LJM-DML | |
| ) | | |
| SPRINT NEXTEL CORPORATION, ) | | |
| Defendant. ) | | |

## ORDER ON PLAINTIFFS' MOTION FOR RECONSIDERATION

This matter comes before the Court on plaintiffs', Erik Luedike ("Luedike"), Heather Ward ("Ward"), Donald Trainer, III ("Trainer"), Debra Hartley ("Hartley"), and Eric Bender ("Bender") (collectively, "Plaintiffs"), Motion to Reconsider Attorney Fees Awarded. [Dkt. No. 251]. The Court has considered Plaintiffs' arguments and for the following reasons **DENIES** Plaintiffs' motion.[1]

This matter has been pending before the Court since August 2007, and a comprehensive statement of the facts is available in the Court's Order dated January, 17, 2010. *See* dkt. no. 160. The Court adds facts below as necessary.

Through an Order dated March 31, 2011, the Court granted Plaintiffs' Motion for Attorney fees in the amount of $15,000. Dkt. No. 248. In their Motion for Attorney Fees, Plaintiffs argued that they were entitled to $29,039.50 in total. Dkt. No. 208. After

---

[1]Plaintiffs request that the Court set this issue for oral argument if the Court is not satisfied with the detail in the billing statements included in the brief supporting their Motion to Reconsider Attorney Fees Awarded. The Court is satisfied in its ability to evaluate the motion on the brief and, accordingly, **DENIES** Plaintiffs' request for oral argument.

concluding that Plaintiffs were the prevailing party for the purpose of the Indiana Wage Payment Statute with regard to Luedike, Hartley, and Bender's Vacation and PTO claims, the Court limited its award of attorney's fees associated with those claims to $3,850, or the amount that Mr. Weldy represented in writing to Sprint's attorneys that he had incurred for work on all aspects of the entire case when Sprint settled Luedike, Hartley, and Bender's Vacation and PTO claims. Dkt. No. 248. The Court concluded that any fees incurred on those claims after Sprint settled the claims were unreasonable because Plaintiffs did not dispute that Sprint had completely satisfied their claims, and yet Plaintiffs continued to pursue their suit. *See Zaring v. Zaring*, 39 N.E.2d 734, 737 (Ind. 1942). The Court limited the remainder of its fee award because Mr. Weldy's billing statements lacked the requisite detail to allow the Court to determine what fees were reasonably incurred on Ward's successful claim and all other duties reasonably required to finalize this matter. Dkt. No. 248.

Picking up on the Court's statement regarding the lack of detail in Mr. Weldy's billing statements, Plaintiffs, in their brief supporting this motion, restate much of what is contained within Mr. Weldy's earlier submitted billing statements and argue that in light of the detail included in the restated billing, the Court should re-evaluate the amount of its award of attorney's fees in this case. In order to prevail on their motion Federal Rule of Civil Procedure 59(e), Plaintiffs must "clearly establish": (1) that there has been a manifest error in law or fact or (2) that newly discovered evidence precludes entry of judgment. *Harrington v. City of Chi.*, 433 F.3d 542, 546 (7th Cir. 2006) (quoting *Romo v. Gulf Stream Coach, Inc.*, 250 F.3d 1119, 1122 n.3 (7th Cir. 2001) (abrogated on other grounds)). Motions for reconsideration do not give a party the opportunity to rehash old arguments or

2

to present new arguments or evidence "that could and should have been presented to the district court prior to the judgment." *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996). Instead, a motion for reconsideration is "valuable" when "the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension. A further basis for a motion to reconsider would be a controlling or significant change in the law or facts since the submission of issue to the Court." *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990). Plaintiffs have not presented any new evidence or arguments to the Court. Plaintiffs also have not presented the Court with evidence to indicate that it was operating under a manifest error of law or fact when it issued its Order on Plaintiffs' Motion for Attorney Fees.

Federal Rule of Civil Procedure 60(b) also provides a mechanism for the Court to reconsider its prior judgments. Vacating a judgment under Rule 60(b) is permissible for several reasons including mistake, excusable neglect, and "any other reason that justifies relief." Fed. R. Civ. P. 60(b). "Rule 60(b) relief is an extraordinary remedy and is granted only in exceptional circumstances." *Karraker v. Rent-A-Center, Inc.*, 411 F.3d 831, 837 (7th Cir. 2005). Plaintiffs have not presented the Court with any evidence to demonstrate that there are "exceptional circumstances" present in the instant case. Accordingly, Plaintiffs' Motion for Reconsideration is **DENIED**.

**CONCLUSION**

For the foregoing reasons, Plaintiffs' Motion to Reconsider Attorney Fees Awarded is **DENIED**.

IT IS SO ORDERED this 3rd day of May, 2011.

_____
LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana

Distribution to:

Charles B. Baldwin
OGLETREE, DEAKINS, NASH, SMOAK & STEWART
charles.baldwin@odnss.com

Matthew S. Effland
OGLETREE DEAKINS NASH SMOAK & STEWART, P.C.
matthew.effland@ogletreedeakins.com

Robert F. Seidler
OGLETREE, DEAKINS, NASH, SMOAK & STEWART
rob.seidler@ogletreedeakins.com

Ronald E. Weldy
WELDY & ASSOCIATES
weldy@weldylaw.com